UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| THOMAS ADAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Case No. |
| v. | ) | 5:16-cv-00098-JMH |
| | ) | |
| NATURE'S EXPRESSIONS | ) | **MEMORANDUM OPINION** |
| LANDSCAPING INC., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*

More than two years ago, Plaintiffs in this Fair Labor Standards Act case filed their complaint. Since then, the case has taken a routine course in navigating the waters of federal court. Discovery has occurred. The parties have briefed a Motion for Summary Judgment. Several status conferences have been held, and depositions taken. All part and parcel of federal court litigation.

At this stage in its voyage, the case remains on track. The parties indicate they have reached a settlement on the collective action claims; only individual plaintiffs remain. And on those claims, discovery is set to close in a matter of days. Dispositive motions must be filed within a month, and trial is set for later this year. Final resolution is on the horizon.

This is where Plaintiffs wish to take a detour. Taking that detour requires a modification of the Scheduling Order. So

1

Plaintiffs ask the Court to extend discovery deadlines, push back the time for filing dispositive motions, and vacate the trial date. [DE 62]. Defendants oppose the motion. [DE 63]. After all, Defendants argue, it is time for this case to end. And as this court recently emphasized, "[a] scheduling order maintains orderly proceedings and is 'not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril.'" *Century Indem. Co. v. Begley. Co.*, 323 F.R.D. 237, 240 (E.D. Ky. 2018) (quoting *Birge v. Dolar Gen Corp.*, No. 04-2531 B, 2006 WL 133480, at *1 (W.D. Tenn. Jan. 12, 2006)). This Court will not cavalierly disregard the scheduling order. Instead, the Court will stay the course and keep this case on its current journey. Thus, for the reasons stated herein, Plaintiffs' Motion for Extension of Time to Complete Discovery [DE 62] is **DENIED**.

## I. Background

This FLSA case involves current and former employees at Nature's Expressions Landscaping, Inc. ("NEL"), a landscape architecture firm. Several named plaintiffs filed this action on March 8, 2016, In Jessamine Circuit Court seeking unpaid overtime wages. [DE 1]. Plaintiffs allege that NEL assigns each employee a daily wage and then divides the daily amount by the number of "quarter days" the employee worked. [DE 1-1, pp. 8-9]. This would mean that NEL did not pay its employees time-and-a-half for hours worked in excess of forty, which would violate the FLSA.

Defendant removed the case to federal court in March 2016. [DE 1]. NEL denies the allegations and claims it pays employees time-and-a-half for all hours worked in excess of eight each day. If true, NEL would be in compliance with the FLSA.

Originally, Plaintiffs pursued this case as a collective action. [DE 1]. Plaintiffs filed a Motion to Conditionally Certify the Class under 29 U.S.C. § 216(b) in June 2016. [DE 14]. The Court granted that Motion and the opt-in process began. [DE 26]. Once several groups of plaintiffs filed notices to opt in to this lawsuit, NEL filed a Motion for Summary Judgment or, in the alternative, Decertification of the class. [DE 39]. The Court granted in part and denied in part that Motion in an October 2017 Memorandum Opinion and Order. [DE 48].

Two months later, the parties submitted a Joint Status Report with proposed deadlines for the case. [DE 51]. The Court considered the Report when it issued a Scheduling Order pursuant to Federal Rule of Civil Procedure 16. [DE 52]. Among other deadlines, the Scheduling Order sets a June 1, 2018 deadline for discovery, requires dispositive motions to be filed on or before July 2, 2018, and sets a trial date for October 2018. [DE 52].

Since then, the parties have reached an agreement to settle the collective action claims. [DE 62]. Only the claims of the individual plaintiffs remain. Neither party expressed any concern with the Scheduling Order until May 29, 2018—three days before

discovery was set to close. [DE 62]. But Plaintiffs contend that the settlement process took a significant amount of time and they now need more time for discovery on the individual claims. [*Id*.]. Defendants oppose the Motion, arguing that Plaintiffs have not demonstrated good cause and that an extension would result in prejudice to NEL. [DE 63]. The Motion is now ripe for review.

## II. Analysis

Under Rule 16 of the Federal Rules of Civil Procedure, district courts issue scheduling orders in civil cases. A case schedule serves many purposes, and it *must* include a limit on the time to complete discovery. Fed R. Civ. P. 16(b)(3)(a). Rule 16 "ensure[s] that 'at some point both the parties and the pleadings will be fixed.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting Fed. R. Civ. P. 16, 1983 advisory committee's notes)).

Rule 16 allows modifications of scheduling orders "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." *Leary*, 349 F.3d at 906. "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotations

omitted).  Courts also consider prejudice to the party opposing the modification.  *Id.; see also Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014).  Good cause does not exist where a plaintiff fails to explain or provides no excuse for his delay. *Leary*, 349 F.3d at 907.

Here, Plaintiffs argue that they were unable to meet the Scheduling Order deadlines because counsel "has devoted a significant amount of time in this matter to pursuing and resolving the collective action claims of all Plaintiffs." [DE 62-1, p. 2]. The Motion fails to explain how negotiating a settlement for some Plaintiffs precluded counsel from meeting the Scheduling Order deadlines.  In fact, Plaintiffs never explain what diligence they exercised in *attempting* to meet the case schedule deadlines.  *Inge*, 281 F.3d at 625.  Plaintiffs do not tell the court why the deadlines could not "reasonably be met."  *Leary*, 349 F.3d at 906.  As NEL argues in its response, Plaintiffs have failed several times to say whom they wish to depose and on what date.  [DE 63, pp 2–3]. In short, Plaintiffs do not explain why they *could not* meet the deadlines "despite the diligence of the party seeking the extension." *Id*.

Settling the collective action claims case does not excuse meeting deadlines or establish good cause.  Plaintiffs filed this lawsuit more than two years ago.  [DE 1].  The Court entered the case schedule more than five months ago.  [DE 52].  That schedule

5

incorporated dates *proposed by the parties*. And the parties chose those dates before resolution of the collective action claims. Thus, the Court fails to see why settlement of claims that were pending at the time the Court issued the case schedule would necessitate extended discovery. If anything, a reduction in the number of claims involved in this case would lead one to expect less time for discovery. But now, only three days before discovery will close, Plaintiffs request an extension. They will not get one.

Plaintiffs' Motion fails not only because they do not explain why they could not reasonably meet the deadlines despite due diligence; prejudice also exists here. Extending discovery by two months will cause further delay in this case that has dragged for more than two years. And it will result in additional time and expense incurred by Defendants (and Plaintiffs)—factors that create prejudice. *See Commerce Benefits Group, Inc. v. McKesson Corp.*, 326 F. App'x 369, 377–78 (6th Cir. 2009). And if the Court extends discovery, it will have to push back dispositive motion deadline. The pretrial conferences will have to be moved, and the trial date changed. All of this will be done only three days before Defendants expected discovery to close. Derailing this two-year-old case at the eleventh hour would plainly result in prejudice.

**III. Conclusion**

Scheduling Order deadlines are important, and "parties are obliged to follow them." *Century Indem. Co.*, 323 F.R.D. at 239. Plaintiffs failed to exercise diligence in attempting to meet the original deadlines. Indeed, Plaintiffs had months to ask for an extension, but instead they ask for more time only days before discovery will conclude. Plaintiffs have not demonstrated good cause, and Defendants face certain prejudice. Thus, their request fails under Rule 16, and Plaintiffs' Motion for an Extension of Time to Complete Discovery [DE 62] is **DENIED**.

This the 31st day of May, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge