```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                   CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| THOMAS ADAMS, ET AL., | ) | |
| | ) | |
|     Plaintiffs, | ) | Civil Case No. |
| | ) | 5:16-cv-98-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| NATURE'S EXPRESSIONS | ) | **AND ORDER** |
| LANDSCAPING, INC., | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\*

This matter is set for trial beginning on October 23, 2018. Now before the Court is Defendant's consolidated motion in limine to exclude evidence, which was filed on August 8, 2018. [DE 79]. Specifically, Defendant moves to exclude: 1) notes made by Plaintiff Anderson's wife, Jessica Anderson and 2) evidence of Dale Flygstad's conversations with Anderson to help prove Plaintiff Stewart's retaliation claim. The Plaintiffs did not object or otherwise respond to Defendants motion. Having been fully briefed, and the Court being otherwise sufficiently advised, this motion is ripe for review.

The motion was filed prior to the Court's recent Memorandum Order and Opinion [DE 93], which granted summary judgment for the Defendant on Plaintiff Ron Stewart's retaliation claim but denied summary judgment for the Defendant on Plaintiff Frankie Anderson's

1

retaliation claim. As such, the only claim remaining in this action is Plaintiff Anderson's retaliation claim.

**1) Motion to Exclude Notes Made by Plaintiff Anderson's Wife, Jessica Anderson**

Nature's Expressions has moved to exclude notes made by Plaintiff Anderson's wife, Jessica Anderson, which purport to memorialize conversations between Anderson and representatives of Nature's Expressions. Nature's Expressions claims that Jessica Anderson cannot meet the personal knowledge requirements of FRE 602. Additionally, Nature's Expressions argues that the notes constitute hearsay without an exception under FRE 802.

As an initial matter, Jessica Anderson's notes are not explicitly listed on Anderson's exhibit list. [DE 91]. More important, Anderson has not responded to assert that Jessica Anderson's notes should be admitted pursuant to a hearsay exception. As such, Defendant's motion to exclude the notes made by Jessica Anderson is **GRANTED**.

**2) Motion to Exclude Evidence of Dale Flygstad's Conversations with Plaintiff Anderson**

Nature's Expressions has moved to exclude evidence of Flygstad's conversations with Plaintiff Anderson related to Plaintiff Stewart's retaliation claim. Nature's Expressions "anticipated that Stewart [would] attempt to introduce these conversations between Flygstad and Anderson as proof of

Flygstad's, and NEI's, retaliatory intent." [DE 79, p. 2]. Subsequently, the Court granted summary judgment in favor of Nature's Expressions on Stewart's retaliation claim. [DE 93]. As such, Defendant's motion to exclude evidence of Flygstad's conversations with Anderson is **DENIED AS MOOT**. The Court takes no position on the admissibility of this evidence if a party attempts to use or introduce it for another purpose.

Accordingly, for the foregoing reasons, **IT IS ORDERED**:

1) That the motion to exclude notes made by Jessica Anderson, Plaintiff Frankie Anderson's wife, is **GRANTED**;

2) That the motion to exclude evidence of Dale Flygstad's conversations with Plaintiff Frankie Anderson is **DENIED AS MOOT**.

This the 19th day of September, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge